### JAMES BOGARDUS *v.* JOHN R. LIVINGSTON.

Where an attorney has appeared for a defendant without authority, the court will not set aside the judgment, but will leave the defendant to his action against the attorney.

If the defendant, however, swears to the merits, the court will allow him to come in and defend, suffering the judgment to stand, that the plaintiff's lien, acquired by the judgment, may be preserved.

But the defendant must apply for relief, in such a case, with due diligence, and, if there is delay, must furnish satisfactory excuse therefor.

The authority of an attorney to appear may be inferred from circumstances—such, for example, as that he was the attorney of the defendant in other matters, and that, at the time of serving the notice of appearance, he informed the defendant that he had done so, and the defendant expressed no objection.

APPEAL from an order at special term denying a motion to vacate a judgment entered by default, and for leave to answer. The affidavit of the defendant showed that no summons was ever served upon him in the action.. The judgment was entered upon an appearance by R. E. Mount, jr., as his attorney. The facts in relation to the authority of Mount to act as the defendant's attorney, as they appeared in the affidavits, are fully stated in the opinion of the court.

*O. S. A. Peck*, for the appellant.

*Martin & Smiths*, for the respondent.

By the Court, DALY, First Judge.—Where an attorney has appeared for a defendant without authority, the court will not,

unless the attorney is responsible, set aside the judgment, but will leave the defendant to his action against the attorney. If the defendant, however, swears to merits, the court will allow him to come in and defend, suffering the judgment to stand, that the plaintiff's lien, acquired by the judgment, may be preserved. *Denton* v. *Noyes*, 6 John. 296. But this is not a case of an appearance by an attorney without authority.

Mount, the attorney, swears to a state of facts from which he might well assume that he had authority to appear for the defendant. When he served the notice of retainer in this suit, he was, and had been for a long time prior, acting as the attorney and counsel of the defendant in the prosecution and defence of suits, one of which, growing out of the transaction which led to the giving of the note in this suit, was then pending. He swears, to the best of his belief, that, at about the time he served the notice of retainer, he informed the defendant that he had appeared for him, and the defendant does not in his affidavit deny that he had been so informed. Assuming it, then, to be the fact that he was so informed, his expressing no dissent was a recognition of the propriety of the attorney's act, and of his authority to appear for him. This took place in the year 1852. Five years after, the plaintiffs served their complaint, and Mount, considering that his authority had, as he expresses it, " ceased by non-user, or become extinct by age," sent the complaint to the defendant at or about the day when he received it, the receipt of which is not denied by the defendant. This was on the 24th of September, 1857. The defendant took no steps to defend, but suffered the plaintiff to go on and enter up judgment, which he did on the 28th of October following; and it was not until after April, 1858, when an order was made for his examination supplementary to execution, that the defendant took any notice of the plaintiff's proceeding, when he made the present motion to set aside the summons and all subsequent proceedings, setting forth in his affidavit that the summons has not been served upon him; that he has not authorized any attorney of this court to appear for him, and that he has a good defence to the action.

Under the Code, a voluntary appearance by a defendant is equivalent to the personal service of a summons, which was the case here, the defendant having appeared through his attorney, Mount, who, as before suggested, apprised him that he had appeared for him, and whose authority to appear was recognized by the defendant's expressing no dissent. The judgment, therefore, and all proceedings founded upon it, was regular, and there was no ground for setting it aside. The only remaining question is, whether the defendant was entitled to come in and defend upon the merits. I think that, in a case like this, where the defendant suffered six months to elapse after he was apprised, by the service of the complaint, that the plaintiff was proceeding to judgment, without taking any steps to defend, but knowingly suffered the plaintiff to go on to judgment, to issue execution, and institute proceedings supplementary to execution, is one that does not commend itself to the favor of the court. The defendant has given no satisfactory excuse for the delay, and the rule is well settled that a defendant who asks for such relief must apply with due diligence. *Payne* v. *The People*, 6 Johns. 130; *Beekman* v. *Franker*, 3 Car. 95; *Johnson* v. *Clark*, 6 Wend. 517; Graham's Practice (2d ed.) 788.

We should at least be satisfied that we will do injustice if the relief is not granted, and something more is necessary to satisfy ous of that, than putting in a formal affidavit of merits. Order appealed from affirmed.