# R. J. HANNA

## v.

## CITY OF KANKAKEE.

*Municipal Corporations—Charter—Power of City Attorney to Take Appeals—Ordinance—Repeal of—Burden of Proof.*

1. Under Sec. 9 of the organic act of the city of Kankakee, which provides that "it shall be the duty of the city attorney to conduct all the law business of the corporation and of the departments thereof," such officer is authorized, without order of the council, to take an appeal from a judgment in favor of the defendant in a prosecution of a person for peddling without a license.

2. Where the defendant objected to the introduction of an ordinance of the city on the ground that all the ordinances of the city were revised in 1888, and that all ordinances not included in the revision were repealed, which fact was established, the burden was also on him to show that the ordinance objected to was not in the revised list.

3. The filing of the transcript from the justice with the clerk of the Circuit Court of the proper county, within twenty days from the rendition of the judgment of the justice, was a sufficient compliance with the statute as to a prayer for an appeal in this case.

[Opinion filed December 16, 1889.]

APPEAL from the Circuit Court of Kankakee County; the Hon. N. J. PILLSBURY, Judge, presiding.

Hanna v. City of Kankakee.

Mr. Stephen R. Moore, for appellant.

Mr. William Potter, for appellee.

Upton, P. J.    This was a prosecution by the appellee against the appellant for a violation of its ordinances in peddling bread and cakes within the corporate municipality without a license therefor, as was alleged, commenced before a justice of the peace, and upon hearing in that court the prosecution was defeated, from which judgment the attorney for said appellee, by the direction of its mayor in behalf of said city took an appeal, and upon his directions a duly certified transcript of the proceedings before the justice was filed in the Circuit Court of the proper county.    In the Circuit Court the appellant moved the court to dismiss the appeal for the alleged reason that it did not appear by the records of the municipality that the common council of said city of Kankakee had ordered such appeal.    This motion was overruled, to which action of the trial court appellant excepted; a jury was waived, and by agreement the issues submitted to the court for trial, and upon hearing the appellant was found guilty and a fine of one dollar was imposed, with costs, from which judgment an appeal was taken to this court and is now before us for review.

Two objections are urged by appellant for a reversal of the judgment below, which we will proceed to consider.

1st.    Was this case properly appealed from the justice.

2d.    Do the ordinances of the city and the evidence heard on the trial, warrant imposing a fine upon the appellant.

First.    The city of Kankakee was organized under a special charter, which will be found in Vol. 1 of Private Laws of Illinois for 1865, at page 393.    Section 9 of its organic act provides, " it shall be the duty of the city attorney to conduct all the law business of the corporation and of the departments thereof, " " and all other law business in which the city shall be interested when so ordered by the corporation."    It is thus apparent that it was not only the right but the duty of the city attorney, as the law officer of such city, to prosecute to final termination as well as to defend all suits in favor of,

likewise those brought against the city for the enforcement
of its ordinances, as well as the protection of the persons and
property of its citizens. It is not perceived how that right
or duty could be enlarged or restricted by the common coun-
cil of the city in the conduct of the general law business of
the city, at least so long as such right and duty was being
exercised and performed *prima facie* properly and in good
faith. It is believed that the grant of such general powers
and the conferring of such general duties upon the law officer
of a city necessarily includes by implication all other incidental
power necessary to its proper discharge and exercise, among
which, in the case at bar, is the right of the city attorney to
prosecute the appellee in the case here in question.

What is said above is to be applied of course to the general
law business of the city as mentioned in the first clause of
Sec. 9 above referred to.

As to the other clause of that section, viz., "and all other
law business in which the city shall be interested when so
ordered by the corporation," we are not called upon to express
an opinion. We think the cases cited in regard to the com-
mencement of suits by towns, under township organization,
are not applicable to the question here presented.

It is further objected that the docket of the justice of the
peace before whom the proceedings were had does not show
a prayer for an appeal. The transcript from the justice was,
however, filed with the clerk of the Circuit Court of the
proper county within twenty days from the rendition of the
judgment of the justice, and this, we think, should be taken in
this case as a sufficient compliance with the statute so far as
regards the prayer for an appeal.

We think the appeal was properly taken and the Circuit
Court properly so held.

Second. Does the evidence warrant the finding.

The record before us, as shown by the abstract, discloses
that on the hearing in the Circuit Court a part of two ordi-
nances of the city of Kankakee, relating to the same subject,
were introduced in evidence in support of the prosecution, to
the introduction of one of which the appellant objected,

Hanna v. City of Kankakee.

basing his objection upon the alleged fact that all the ordinances of that city were revised in 1888, and that all ordinances and parts of ordinances of such city not contained in such revision were repealed. The fact alleged as to the revision and repealing ordinance was established by the appellant, by the evidence showing that all the ordinances of the city, save those contained in the revised list, were repealed. But the record wholly fails to show that either of the ordinances introduced by appellee were not, in fact, in this revised list or revision. The court could not take judicial notice that all these ordinances were repealed. The record simply shows that the repealing ordinance introduced by appellant only repealed such ordinances as were not contained in the revision or compilation of 1888, and as the appellant was on the defensive and held the affirmative of that proposition under the issues, the burden was upon him to show that the ordinance introduced by appellee, which were *prima facie* valid and existing, had been repealed or were not in operation, which he failed to do.

The ordinance under which the appellant was found guilty and fined, prohibits transient vendors of merchandise, itinerant merchants, hawkers and *peddlers* (except, etc.) from selling without license, etc., etc.

This appellant was shown to have been peddling for sale within the corporate limits of the complaining city, bread and pies without a license so to do, and for so doing was fined in the lowest amount provided by the ordinances of that city.

This ordinance was, in our opinion, valid, upon the principles announced by the Supreme Court in the case of Chicago v. Bartee, 100 Ill. 57. There is no apparent error in the case and the judgment of the Circuit Court is affirmed.

*Judgment affirmed.*