(4 Misc. Rep. 583.)

### BOON et al. v. CITY OF UTICA.

(Supreme Court, Special Term, Oneida County. August, 1893.)

MUNICIPAL CORPORATIONS—AUTHORITY OF CITY ATTORNEY.

    In an action to restrain a city and its common council from making a contract, an appeal on behalf of the city taken by the city attorney from a judgment for plaintiff will not be adjudged to have been without authority from the city, where the charter provides that such attorney shall have the management of all law business in which the city is interested, "unless the common council otherwise direct," and it appears that the attorney reported to the common council that he had taken the appeal, and that he intended to oppose a motion to dismiss it, both of which reports were received without objection.

Action by Boon and others against the city of Utica, the common council of said city, and the members of the common council, to enjoin defendants from making a contract to pave certain streets in said city with "refined Trinidad" asphaltum. The injunction was granted on the ground that such asphaltum was a monopoly, and not the subject of competitive bidding, in the city of Utica. An appeal was taken by defendants, and plaintiffs move for an order "that the appeal herein, so far as the city of Utica is made a party appellant, may be dismissed, or that the prosecution of said appeal in the name of the city of Utica, or on its behalf, may be perpetually stayed and prohibited, or for such other relief in the premises as may be just, with costs of this motion." Denied.

Charles D. Adams, for the motion.

Josiah Perry, Corp. Counsel, A. M. Beardsley, and Matteson & De Angelis, opposed.

HARDIN, J. Plaintiffs challenge the validity of the appeal, so far as the city of Utica is concerned, and insist that it was taken without authority. The proofs before the court show that Josiah

Perry was corporation counsel, and was properly and regularly named as the attorney of record for the defendants, at the time the decision was rendered. His predecessor, Mr. Calder, had retired from office in the spring, and had given a substitution to Mr. Perry, and therefore he was the regular attorney of the defendants before and at the time of the entry of judgment; and it appears that the defense of the action was under the authority and direction of the common council of the city, they having instructed the corporation counsel to defend the action prior to the trial. Having been victorious at the special term, the plaintiffs now urge that the fruits of their victory ought not to be taken away by means of an "unlawful appeal;" and it is insisted, in their behalf, that the corporation, in its corporate capacity, has never authorized it, and never will; and it is insisted, in their behalf, that the corporation counsel "admits he has acted on his own responsibility, and has usurped the functions of the governing body of the city;" and it is contended, in behalf of the plaintiffs, that "the court has the power, and it is its duty, to protect the taxpayers from this vexation and wrong, to dismiss the appeal, as to the city, or to perpetually enjoin its prosecution." Undoubtedly, in a proper case, this court has power to direct the dismissal of an appeal, or a perpetual stay thereof, and, in determining whether such power shall be exercised, to inquire into the authority of an attorney who assumes to prosecute an appeal. In the course of the opinion in Ninety-Nine Plaintiffs v. Vanderbilt, 1 Abb. Pr. 196, it was said:

"The right of the court to compel an attorney of the court to exhibit his authority to sue arises from the control which it exercises over all its process and proceedings, and over its officers, in order to prevent abuse. It arises from no statute, but emanates from the breast of the court, and from its desire to cause justice to be done; and, as it emanates from the court, so it is to be exercised only on such terms and conditions, and in such manner, as the court shall perceive will contribute to justice between the parties. The defendant cannot insist on its exercise as an absolute right, without submitting to such terms as the court may impose. He cannot insist that the action be dismissed because the power is not produced, nor that it be stayed forever unless it be produced, but, in all cases, must ask for the exercise of the discretion of the court, and submit, accordingly, to such terms as the court may choose to impose as a condition of its exercise of such discretion."

When a somewhat similar question was under consideration in Railroad Co. v. Kay, 14 Abb. Pr. (N. S.) 195, in the course of the opinion, it was said:

"The authority of an attorney to appear for a party to an action will usually be presumed, and the court will not, ordinarily, call it in question. But the court has the power to do so, and will, in a proper case; and where it clearly appears that the attorney has no authority whatever, derived from the party he represents, to institute the action, it may be proper to arrest the proceeding, and stay its further prosecution."

Before the discretion invoked by the plaintiffs is exercised in the case now before the court, several aspects presented by the papers must be considered:

1. Plaintiffs "had no right to presume that an officer of the court had acted in violation of his duty." Davis v. Bowe, 118 N. Y. 59, 23 N. E. Rep. 166.

2. In Shuler v. Maxwell, 38 Hun, 242, (third department,) in the course of the opinion by Learned, P. J., it was said: "An appeal is not a new action, although, in some earlier cases, the old views seem to have continued in the language of the opinions." In support of the position stated, Miller v. Shall, 67 Barb. 447; Fry v. Bennett, 7 Abb. Pr. 352; Bathgate v. Haskin, 59 N. Y. 535,—are cited. He further says, in the course of the opinion, "that the power of the attorney to receive a notice of appeal extends beyond the judgment. By analogy, the power to serve the notice of appeal should extend in like manner." In connection with this aspect of the case, it may be observed that section 20 of the charter of the city of Utica provides as follows: "The corporation counsel shall have the management and charge of all the law business of the corporation in which the city is interested, unless the common council otherwise direct." It may be reasonable to assume that under this statutory provision the corporation counsel may have supposed that, in the discharge of his duty thus imposed, he was called upon to take the appeal in behalf of the city. In his affidavit submitted on this motion, he states "that he took the appeal herein in good faith, believing it to be in the interest of the city at large that such appeal be taken, and that the questions involved in this case were of such moment and importance to the welfare of the city that he would be derelict in his duty to permit the judgment herein to stand unquestioned, and not appealed from," and "that he believes it important to the public welfare of the city of Utica to have the judgment herein reviewed on appeal, to the end that it may be definitely settled and determined whether said asphalt is a monopoly, and whether a contract to pave with such asphalt would be illegal, and whether property owners representing two-thirds of the frontage upon a street to be paved have the right to designate said asphalt pavement, even though a monopoly, as the charter, section 99, provides." These statements of the corporation counsel, when considered in connection with facts and allegations of the moving parties, challenge the belief that, in taking the appeal in behalf of the city, the corporation counsel did not act in bad faith, and that he did not intend to misuse the discretion vested in him as the law officer of the city.

3. It is further made manifest by the opposing affidavits that on the 16th of June the corporation counsel reported to the common council "that he had taken an appeal herein, in behalf of the defendants, to the general term;" and it further appears that the common council "did not then nor since, in any way or manner, direct or request" the corporation counsel to discontinue said appeal, or not to prosecute the same. It is also stated in his affidavit that, at a meeting of the common council held June 30th, he reported "the fact that plaintiffs' attorney had made this motion to dismiss said appeal, and reported that he would oppose such motion on behalf of the defendants, and the same would be argued on July 15, 1893; that such report was received by the common council without objection, and deponent was in no way or manner directed or requested not to oppose this motion, or not to oppose

the dismissal of such appeal." It is a familiar rule applied by the courts that ratification is equivalent to original authority, and that acquiescence in the action of an agent or officer of a corporation binds a party to the acts known to the principal, and acquiesced in. It is made manifest that no corporate action has been taken by the common council, as a body, disputing the authority of its law officer to take the appeal, or to prosecute the same, nor has any action been taken, after a knowledge of the facts, directing a discontinuance of the appeal, or assenting to a default upon the motion made by the plaintiffs. When the appeal was taken, it may have been known to the corporation counsel that in Connett v. City of Chicago, 114 Ill. 233, 29 N. E. Rep. 280, the supreme court of that state had rendered a decision, the tenor of which would support the right of the corporation counsel to take an appeal without any express direction. In the course of the opinion delivered in that case, the court said:

"We are of opinion, however, a city attorney elected by the people occupies a somewhat different position from one employed to prosecute or defend in a particular case. Subject to the general supervision which the city council has over him, it is his duty to look after and protect the interests of the city in all legal controversies and litigation, so far as he is able, unless directed by the city to the contrary; and his acts, within the general scope of his authority, will be deemed the acts of the municipality."

And it may have been known to the corporation counsel that the same court had, in Hanna v. City of Kankakee, 34 Ill. App. 186, held as follows:

"Under section 9 of the organic act of the city of Kankakee, providing that 'it shall be the duty of the city attorney to conduct all the law business of the corporation and the departments thereof,' the city attorney is authorized, without order of the council, to take an appeal from a judgment against the city."

The language used in the cases just referred to is not exactly in accord with the language used in the charter of the city of Utica. However, it so nearly resembles it that the corporation counsel may have believed that the interpretation made of the language found in the statutes of Illinois warranted an interpretation of the city charter as he seems to have interpreted it. After the report had been made to the common council of the steps taken to perfect the appeal, and of the motion noticed by the plaintiffs to dismiss the appeal, it would have been competent for the common council, if they disapproved of the appeal in behalf of the city, to have disavowed the act of the corporation counsel, or to have directed, by a resolution, that the appeal be discontinued, so far as it was taken in behalf of the city. No such action, however, was taken by the common council. In Mallet v. Girard, 3 Edw. Ch. 372, it appeared a solicitor entered an appearance for the defendant without authority from the defendant. Subsequently, he asked leave to withdraw his appearance, and the vice chancellor denied the motion, as it apeared that the defendant had received a copy of the bill from the solicitor, and had made "no express disavowal of such

solicitor's authority." In Bogardus v. Livingston, 7 Abb. Pr. 428, an attorney had appeared for a party without authority, and given information thereof to the client, "and he expressed no dissent." Subsequently the party sought, by motion, to set aside the proceedings had, and the motion was denied, and the order denying the same was affirmed by the general term of the New York common pleas in 1858. In Mygatt v. Wilcox, 45 N. Y. 306, Grover, J., said:

"The nature of the employment of the attorney * * * was to attend to the proceeding from the time of his retainer until its final determination, unless sooner terminated by the act of one of the parties."

In speaking of the relations of client and attorney in Bathgate v. Haskin, 59 N. Y. 535, Andrews, J., said:

"The client may terminate it at his pleasure, or the attorney may do so after reasonable notice; but, in the absence of proof to the contrary, the presumption is that it continues until the litigation has ended."

In Ferguson v. Crawford, 86 N. Y. 611, it was said that "the burden of establishing" a want of authority was upon the moving party.

4. It is alleged that it has been the custom of common councils to give directions as to bringing of suits, and as to defending them, and prosecution of appeals. In answer thereto it appears in the opposing affidavits that such custom has not been uniform; that appeals have been taken without direct authority given by the common council to its law officer, by the adoption of a resolution. It it to be supposed that in ordinary cases the corporation counsel before bringing an action or defending an action, or taking an appeal in behalf of the city, would regard it as a part of his official duty to ascertain the desires of his principal in the premises. The plaintiffs "had no right to presume that an officer of the court had acted in violation of his duty." Davis v. Bowe, 118 N. Y. 59, 23 N. E. Rep. 166. The right of a party to an action, where a judgment has been rendered against him, to appeal, is secured to him by section 1294 of the Code of Civil Procedure, which prescribes as follows: "A party aggrieved may appeal,"—and it is a right not to be denied without just cause. It will be presumed, in an appellate court, that the judgment appealed from is correct. The burden is upon the appellant to overcome that presumption by showing how or wherein it is erroneous. No question is made upon this motion as to the rights of the appellants other than the city of Utica to maintain an appeal. If the appeal remains in behalf of the city, it will doubtless be heard in connection with the appeal taken by the other appellants, upon the same case and exceptions and printed record upon which their appeal is heard. If the other appellants were successful upon the appeal, it might be, if the judgment remained as against the city, that it would embarrass the interests of the city. The foregoing views lead to the conclusion that it is the duty of the court to deny the motion made in behalf of the plaintiffs.

Motion denied, with $10 costs. Either party may prepare an order to be marked for entry, after a service of a copy of this opinion.