BENJAMIN C. MILLER, Plaintiff, *v.* J. WESLEY BUSH, as Sole Overseer of the Poor of the Town of Cohocton, County of Steuben and State of New York, Defendant.

*Overseer of the poor, not an agent of the town — power to sue and be sued — sections 182 and 241 of chapter 569 of 1890 — Code of Civil Procedure, § 1928 — remedies modified by statute.*

Prior to the passage of chapter 569 of the Laws of 1890, although overseers of the poor were elected at town elections, they were not, in the performance of their official duties, in any legal sense the servants or agents of their respective towns. They and their successors in office alone could sue and be sued upon their contracts and for other causes of action relating to, and within the scope of, their official powers.

The provisions of section 182 of chapter 569 of the Laws of 1890 are within the application of section 1928 of the Code of Civil Procedure, to the effect that

the two preceding sections of the Code do not apply to a case where it is specially prescribed by law that an action may be maintained by or against the body represented by an officer designated in those sections, and the fact that a plaintiff's original cause of action arose prior to the taking effect of the act of 1890 does not relieve his action, thereafter commenced, from the operation of said section 182.

While a contract and the right to enforce it cannot be impaired by State legislation, the form of the remedy may be modified by statute.

The saving provisions of section 241 of chapter 569 of the Laws of 1890 relate to existing rights, and not to the remedies for their enforcement.

MOTION by the plaintiff, Benjamin C. Miller, for a new trial on a case containing exceptions, ordered to be heard at the General Term in the first instance upon the granting of the defendant's motion for a nonsuit at the Steuben Circuit on the 10th day of September, 1894.

*W. E. Davis,* for the plaintiff.

*C. W. Stanton, J. F. Little* and *M. Rumsey Miller,* for the defendant.

BRADLEY, J. :

The alleged purpose of the action is to recover compensation for the services of W. Martin Jones as attorney and counsel in an action which had been prosecuted in the name of a predecessor in office of the defendant against a party charged with illegally selling intoxicating liquors, and to recover penalties for such violation of law.

The alleged services commenced in 1887 and terminated in 1890. The claim was assigned by Jones to the plaintiff, and this action was commenced in August, 1892.

The only question requiring consideration on this review is whether the overseer of the poor is a proper party defendant for the purpose of the relief sought by the action. Prior to the time the act of 1890, known as " The Town Law," took effect, the towns had a very limited corporate power. (1 R. S. 337, §§ 1, 2.) In cases coming within such powers the town could sue and be sued except where the town officers were authorized to sue in their names of office for the benefit of the town. (Id. 357, § 2.)

Although the overseers of the poor and other administrative officers were elected at town elections, they, in the performance of their official duties, were not, in any legal sense, the servants or agents of their respective towns. They and their successors in office alone

could sue and be sued upon their contracts and for other causes of action relating to and within the scope of their official powers. (*Palmer* v. *Vandenbergh*, 3 Wend. 193; *Lorillard* v. *Town of Monroe*, 11 N. Y. 392; *People ex rel. Van Keuren* v. *Town Auditors*, 74 id. 310.)

The first general statute shifting the direct liability of any of the town officers to the town as a party defendant was that which relieved the highway commissioners in certain cases from that relation to an action. (Laws 1881, chap. 700.)

Afterwards, by "the Town Law," it was provided that "Any action or special proceeding for the benefit of a town upon a contract lawfully made with any of its town officers to enforce any liability created or duty enjoined upon those officers, or the town represented by them, or to recover any penalty or forfeiture given to such officers, or the town represented by them, or to recover damages for injury to the property or rights of such officers, or the town represented by them, shall be in the name of the town. Any action or special proceeding to enforce the liability of the town upon any such contract, or for any liability of the town for any act or omission of its town officers, shall be in the name of the town; and all contracts made by such officers for and in behalf of their towns shall be in the name of the town. When such contracts are otherwise lawfully made, they shall be deemed the contracts of the town, notwithstanding it is omitted to be stated therein that they are in the name of the town." (Laws 1890, chap. 569, § 182.)

The provisions of the Revised Statutes hereinbefore referred to, so far as they are not consistent with those of the act of 1890, are repealed by it. And it is evident that the purpose of those provisions of the act was to place the town, as a party plaintiff or defendant, in the same relation to actions as those officers before then had to like actions for causes legitimately arising out of or relating to the performance of their official powers or duties. Although the officers are not there mentioned otherwise than as those by whom the town is represented, that expression, as commonly understood, embraces the officers of the town whose powers are administrative and must be deemed to include them. As to those officers, there were statutory provisions for their indemnity by the town when they were subjected to expense arising out of the lawful discharge of their duties.

## 510　MILLER v. BUSH.

And in such case it was provided that as against them, other than the commissioners of highways and certain other town officers, no execution could be issued. (2 R. S. 475, 476, §§ 107, 108; Code Civ. Proc. § 1931.) For those reasons the policy as well as the apparent purpose of the provisions of the act was to require that the town have direct relations as a party to actions instead of such officers.

In support of the contrary view reference is made by counsel to sections 1926 and 1927 of the Code of Civil Procedure, which provide that actions may be maintained by and against those officers upon contracts lawfully made by them and for other causes of action arising from their official action. And it is urged that as those provisions are permitted to remain unrepealed, the right of such officers to maintain actions and their liability to be sued are not taken away by the provisions of the act of 1890 before mentioned. While those sections are unrepealed, their provisions, so far as they relate to those town officers, are relieved from any want of harmony with those of that act by the next section of the Code of Civil Procedure, which provides that " the last two sections do not apply to a case where it is specially prescribed by law that an action may be maintained by or against the body represented by an officer designated in those sections." The provisions referred to of the act of 1890 are within the contemplated application of that section of the Code.

The fact that the plaintiff's alleged cause of action arose prior to the time that act took effect does not relieve his action commenced since then from its operation. While his contract and the right to enforce it cannot be impaired by State legislation, the form of his remedy may be modified by statute. The saving provisions of section 241 of the act of 1890 purport to relate to existing rights and not to the remedy for their enforcement.

These views lead to the conclusion that the town of Cohocton, and not the overseer of the poor, was the necessary and only proper party defendant, and, therefore, the exception to the direction of nonsuit was not well taken.

No application was made at the trial for leave to amend. And on this review it is not deemed proper to direct an amendment making the town the party defendant.

The motion for a new trial should be denied and judgment directed for the defendant.

LEWIS and WARD, JJ., concurred.

Motion for a new trial denied and judgment directed for the defendant on the nonsuit.