### TOWN OF PELHAM v. SHINN.

(Supreme Court, Appellate Division, Second Department.  November 27, 1908.)

1. TOWNS (§ 32*)—ACTIONS AGAINST FORMER OFFICERS—AUTHORITY FOR.
    1 Rev. St. (1st Ed.) p. 349, pt. 1, c. 11, tit. 4, art. 1, § 5, as amended by Laws 1866, p. 1146, c. 534, authorized suit by a town against former officers for an accounting, and title 5, § 1, authorized trial at law or in equity of causes between towns or a town and an individual. The repealing section of the town law repealed the provisions, but section 182 authorizes suits to enforce a liability against town officers, etc., in the name of the town. *Held* that, while section 182 was intended to authorize the suits specified therein to be brought in the name of the town, it also perpetuates, though not in affirmative terms, rights of action for accounting against former officers, since no other part of the act does, and since the prime object of the town law was to codify and not to change the law.
    [Ed. Note.—For other cases, see Towns, Dec. Dig. § 32.*]

2. STATUTES (§ 188*)—CONSTRUCTION—CRUDE STATUTES.
    A crude and unscientific statute will not be construed as strictly as a scientific one.
    [Ed. Note.—For other cases, see Statutes, Dec. Dig. § 188.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, New York County.

Action by the Town of Pelham against John M. Shinn. From an interlocutory judgment overruling a demurrer to the complaint, defendant appeals. Affirmed.

Argued before WOODWARD, HOOKER, GAYNOR, RICH, and MILLER, JJ.

B. L. Fairchild, for appellant.

Henry G. K. Heath, for respondent.

GAYNOR, J. This is an action by the town against a former supervisor thereof to compel him to account for the moneys that came to his hands by virtue of his office, and to recover of him any sum found due of him to the town. Before the codification of all statutes relating to towns was adopted (Laws 1890, p. 1211, c. 569), an action like this was specifically authorized by statute (Rev. St. [1st Ed.] p. 349, pt. 1, c. 11, tit. 4, art. 1, § 5, as amended by chapter 534, p. 1146, Laws 1866; Town of Guilford v. Cooley, 58 N. Y. 116). It was also comprehensively provided that "whenever any controversy or cause of action shall exist between any towns of this state, or between any town and an individual or corporation," it might be tried at law or in equity. Rev. St. (1st Ed.) p. 356, pt. 1, c. 11, tit. 5, § 1. These statutes were repealed by the repealing section of the town law (Laws 1890, p. 1243, c. 569, § 240), but were not incorporated in the said law. There is, however, a general provision therein, that:

"Any action or special proceeding for the benefit of a town, upon a contract lawfully made with any of its town officers, to enforce any liability created or duty enjoined upon those officers, or the town represented by them, or to recover any penalty or forfeiture given to such officers, or the town represented by them, or to recover damages for injury to the property or rights of such officers, or the town represented by them, shall be in the name of the town." Section 182.

The crudeness of this is manifest, and shows the " 'prentice hand," for literally it enables the town to sue itself; but the phrase "to enforce any liability created or duty imposed upon those officers," is broad enough to embrace the duty to account, which is expressly put upon supervisors (section 80), the provision being taken from the section of the Revised Statutes first cited above. The prime object of the town law was to codify, not change, the law; and although the part of section 182 quoted above is apparently only to enact that the actions it specifies, which were all authorized by statutes which the town law repeals, "shall be in the name of the town," it may fairly be taken to also perpetuate such rights of action, since no other part of the act does, although such provision does not affirmatively or in so many words do so. A crude and unscientific statute cannot be construed with the same strictness as a scientific one in ascertaining its intention and effect. Matter of Hodgins v. Bingham (Sup.) 112 N. Y. Supp. 543.

The judgment should be affirmed.

Interlocutory judgment affirmed with costs. All concur.