### TOWN OF HEMPSTEAD v. LAWRENCE et al.

(Supreme Court, Appellate Division, Second Department. May 9, 1910.)

1. Towns (§§ 1, 64*)—Nature and Status of Towns—Statute—"Municipal Corporation."

Under General Corporation Law (Laws 1890, c. 563) §§ 2, 3; Town Law (Laws 1890, c. 569), § 2; and General Municipal Law (Laws 1892, c. 685) § 1—a "town" is a "municipal corporation," and, as such, under Const. art. 8, § 3, it may sue in all courts in like cases as natural persons, and where there is an existing liability at law, or an existing right which it may enforce, the method of its enforcement must be such as if it were a natural person.

[Ed. Note.—For other cases, see Towns, Cent. Dig. §§ 1, 111; Dec. Dig. §§ 1, 64.*

For other definitions, see Words and Phrases, vol. 5, pp. 4620–4627; vol. 8, p. 7726.]

2. Towns (§ 66*)—Private and Property Rights—Enforcement.

The protection of the property of a town from unlawful trespass is not a purely public and governmental function, but the maintenance of a private and property right, and a town may use such remedies for the protection of its right of property as exist for the enforcement of the same rights in the case of individuals.

[Ed. Note.—For other cases, see Towns, Cent. Dig. § 111½; Dec. Dig. § 66.*]

3. Towns (§ 66*)—Actions—Statutes.

Town Law (Laws 1890, c. 569) § 182, specifying how towns may sue and be sued, does not deal with the creation and existence of rights or liabilities of a town, but, at most, only with the methods for the enforcement of the rights and liabilities there referred to, and the fact that an action to enjoin trespass on property owned by a town is not specified therein does not deprive the town of a right to maintain it.

[Ed. Note.—For other cases, see Towns, Cent. Dig. § 111½; Dec. Dig. § 66.*]

4. Corporations (§ 297*)—Management of Affairs—Officers.

The administrative affairs of a corporation are, as a rule, managed by its governing board, by whatever name it may be known.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 297.*]

5. Statutes (§ 227*)—Construction—Mandatory Statutes—"May."

Where neither the clear intent of the Legislature nor public policy requires that the language of a statute shall be given a mandatory construction, the word "may" therein is not equivalent to "must."

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 309; Dec. Dig. § 227.*

For other definitions, see Words and Phrases, vol. 5, pp. 4418–4447; vol. 8, p. 7719.]

---

*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

6. TOWNS. (§ 68*)—RIGHT TO SUE—STATUTES—CONSTRUCTION.

Town Law (Laws 1890, c. 569) §§ 24, 25, authorizing the electors of each town at their biennial town meeting or at special town meetings to direct the prosecution or defense of all actions in which the town is interested, etc., give only a power of supervision to the town meeting over actions pending or thereafter to be brought, and the adoption of an affirmative resolution at a town meeting is not a condition precedent to the bringing thereof.

[Ed. Note.—For other cases, see Towns, Cent. Dig. § 113; Dec. Dig. § 68.*]

7. TOWNS (§ 74*)—RIGHT TO SUE—STATUTES—CONSTRUCTION.

Town Law (Laws 1890, c. 569) § 180, providing that the costs, incurred by any town officer in prosecuting any action by the town, shall be a town charge, where the officer is instructed to prosecute the action by resolution adopted by the town board, impliedly authorizes the town board, made by General Municipal Laws (Laws 1892, c. 685) § 1, the governing board of the town, to direct the bringing of an action by the town, and such direction is sufficient, in the first instance, to authorize the bringing of an action.

[Ed. Note.—For other cases, see Towns, Cent. Dig. § 119; Dec. Dig. § 74.*]

Appeal from Special Term, Nassau County.

Action by the Town of Hempstead against Newbold T. Lawrence, individually and as executor, and others. From an order denying a motion to dismiss the action on the ground that it was commenced without authority, defendants appeal. Affirmed.

See, also, 134 App. Div. 941, 118 N. Y. Supp. 1146.

Argued before JENKS, BURR, THOMAS, RICH, and CARR, JJ.

Wm. M. K. Olcott (H. A. Monfort, on the brief), for appellants.

Edward E. Sprague, for respondent.

BURR, J. This action was commenced in December, 1907. Its purpose was, among other things, to enjoin repeated trespasses by defendants, or some of them, upon property which plaintiff claimed to own in fee. Defendants appeared generally in the action and demurred to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was overruled. An appeal was taken to this court, and on June 8, 1909, the interlocutory judgment was affirmed, 133 App. Div. 933, 118 N. Y. Supp. 1146. Thereafter defendants moved to dismiss the action "as having been brought without any warrant or authority given by the said town or the electors thereof." The motion was based upon an affidavit to the effect that neither at any annual nor special meeting of the electors of the said town had any resolution or order been adopted granting "any warrant or authority for the bringing and maintaining of this action, or in any wise relating thereto." It was conceded, however, that prior to the commencement thereof the board of town officers as duly constituted under the town law had adopted a resolution which, after reciting that certain persons, including the defendants or some of them, "made claim, or assert to make claim," to certain portions of the property described in the complaint herein, and that said land belonged to the town, which had always claimed the

ownership thereof, authorized and empowered the supervisor "to retain counsel in the matter and agree with such counsel on behalf of the town to take such action as may be deemed advisable to bring about a speedy determination of the question of title to said premises and the rights and interest of the town with respect thereto." Thereafter this action was brought.

The statute upon which defendants base their contention is as follows:

"The electors of each town may, at their biennial town meeting:  *  *  * (3) Direct the prosecution or defense of all actions and proceedings in which their town is interested, and the raising of such sum therefor as they may deem necessary." Laws 1890, c. 569, § 24.

It is further provided that special town meetings may be held "for the purpose of determining in regard to the prosecution or defense of actions, or the raising of money therefor." Id. § 25.

The question here is whether the adoption of such a resolution by the town electors is a condition precedent to the right to institute and maintain an action in the name of the town involving the protection of its property rights, or whether the statute is simply permissive, and the action of the town meeting supervisory in character. To answer this correctly the statute must be read and construed in connection with other statutes relating to towns and the administration of town affairs. At the time when this action was commenced, a town was one of the class of corporations known as a "municipal corporation." General Corporation Law (Laws 1890, c. 563) §§ 2, 3; Town Law (Laws 1890, c. 569) § 2; General Municipal Law (Laws 1892, c. 685) § 1. As such it had the right to sue in all courts in like cases as natural persons. Const. N. Y. art. 8, § 3. That is, where there is an existing liability at law or an existing right which it may enforce, the method of its enforcement must be such as if it were a natural person. Markey v. County of Queens, 154 N. Y. 675, 49 N. E. 71, 39 L. R. A. 46. The protection of the property of a town from unlawful invasion and trespass is not a purely public and governmental function, but the maintenance of a private and property right. Bridges v. Board of Supervisors, 92 N. Y. 570. As was said by Chief Judge Ruger in that case, a town is "entitled to the same remedies for the protection of its rights of property as exist for the enforcement of similar rights in the case of individuals." It may be said to be a power necessarily implied.

While it is true that section 182 of the town law, supra, specified certain actions or special proceedings for which an action may be brought, and certain liabilities, for the enforcement of which a town may be sued, this was not intended to, and does not, deal with the creation and existence of rights or liabilities on the part of a town, but at the most only with methods for the enforcement of those rights and liabilities there referred to. Acme Road Machinery Co. v. Town of Bridgewater, 185 N. Y. 1, 77 N. E. 879; Town of Pelham v. Shinn, 129 App. Div. 20, 113 N. Y. Supp. 98. The fact that an action of this character is not one there specified would not deprive the town of the right to maintain it. As a rule, the administrative affairs of a

corporation are managed and controlled by its governing board, by whatever name it may be known. The town board is the governing board of the town. General Municipal Law, supra, § 1. The words of the statute above quoted are permissive in character and not mandatory, and there is neither clear intent of the Legislature nor public policy which requires that they should be given the latter construction. In such case, "may" is not equivalent to "must." Morse. v. Press Publishing Co., 71 App. Div. 351, 75 N. Y. Supp. 976; Gilmore v. City of Utica, 121 N. Y. 561, 24 N. E. 1009.

Considering, therefore, that the constitutional purpose was to assimilate actions by corporations to those by individuals, that the presumption of authority by an attorney to bring an action in which he appears for the plaintiff exists, that this action relates to the protection of the private and property rights of the corporation, that in the case of corporations other than municipal corporations the governing board has the right and authority to direct the institution and maintenance of actions relating to its property rights, that the plaintiff corporation has such a governing board, that such governing board has authorized the bringing of this action, that the language of the statute referred to is permissive and not mandatory, and that full force and effect can be given to it by construing it as giving only a power of supervision to the town meeting over actions then pending or thereafter to be brought, I think that we should hold that the adoption of an affirmative resolution at an annual or special town meeting is not a condition precedent to the bringing thereof, and that the absence of such resolution is no evidence that this action was improperly brought.

It may be urged that while the general municipal law, supra, makes the town board the governing body of a town, neither that nor any other statute expressly defines the powers and duties of such board. It is true that the statutes on the subject are vague, indefinite, and somewhat confusing; but I think that implied authority to the town board for its action may be found. The town law (supra, § 180) provides, among other things, that the following shall be deemed town charges:

"(7) The costs and expenses lawfully incurred by any town officer in prosecuting or defending any action or proceeding brought by or against the town or such officer for an official act done, shall be a town charge in all cases where the officer is required by law to so prosecute or defend, or to do such act, or is instructed to so prosecute or defend, or do such act, by resolution duly adopted by the town board, or at a town meeting duly held."

Eliminating the portions of this section inapplicable to this situation, it would read as follows:

"The costs and expenses lawfully incurred by any town officer in prosecuting * * * any action * * * brought by * * * the town * * * shall be a town charge in all cases where the officer is * * * instructed to so prosecute * * * by resolution duly adopted by the town board."

With reference, therefore, to an action which the town had the right to begin, the expenses incurred in connection therewith by a town officer acting under the instruction of the town board to begin the same would be a town charge. It would be an anomaly to hold that the town board could make the town liable for the expenses of an

action which the town board had no power to institute and which was therefore unlawfully prosecuted. Power as to the one necessarily involves power as to the other. Adee v. Arnow, 91 Hun, 329, 39 N. Y. Supp. 1020. See, also, Town of Delhi v. Graham, 3 Hun, 407; People ex rel. Coon v. Wood, 12 N. Y. Supp. 436; Boon v. City of Utica, 4 Misc. Rep. 583, 25 N. Y. Supp. 846; Rockefeller v. Taylor, 69 App. Div. 176, 74 N. Y. Supp. 812; People ex rel. McMillen v. Vanderpoel, 35 App. Div. 73, 54 N. Y. Supp. 436. In several of these cases, although the question was not directly involved, there was a clear intimation in the opinions of the court that the town board possessed such power and authority. In this case the board authorized the supervisor, an officer of the town, to employ counsel and institute whatever action was necessary to protect the interests of the town. None of the cases cited by the appellants, which were decided in this state, hold to the contrary.

Denton v. Jackson, 2 Johns. Ch. 320, was an action brought by an individual of the town in behalf of himself and other residents of the town to determine the question whether undivided patented lands belonged to the town, or to individual freeholders, or to the heir of the surviving patentee, or those deriving title from the patentees of their associates. The bill was dismissed because the plaintiffs as individuals had no title, and the court held that individuals could not bring actions involving town rights. The language of the court in that case, to the effect that, "Without a resolution, recorded by the town clerk, I do not think there would be the requisite evidence of the will of a town to commence a suit respecting its rights," must be construed with reference to the question then before it. This is apparent from the succeeding sentence:

"It appears to be altogether inadmissible, and destructive of order and peace, to admit private individuals, of their own mere motion, to carry on a suit in behalf of the town, respecting its common property, and without the knowledge and consent of the town, duly declared."

There was nothing in that case calling upon the court to determine as to the power of town officials or of the town board to institute such a suit in behalf of the town.

Cornell v. Town of Guilford, 1 Denio, 510, only held that even the electors of towns in a town meeting had no power to authorize commissioners of highways to bring an action in their own names, or in their name of office, for injuries to the public highways or bridges of the town; that such an action, if brought, must be brought in the name of the town; and that the action of a town meeting directing otherwise would be invalid.

Town of Lyons v. Cole, 3 Thomp. & C. 431, was a case where the electors at a town meeting had instructed the supervisor to bring an action to restrain the defendants from disposing of town bonds issued in aid of the construction of a railroad until the rights of the town were protected. It would seem that the consent of the town to the issuing of the bonds was conditional upon receiving a guarantee that the road should run through or near the village of Lyons, and it was claimed that the bonds were delivered without securing such guarantee.

Instead of bringing the action which the town authorized and instructed him to bring, the action brought under the direction of the supervisor assailed the authority of the commissioners to issue the bonds, the sufficiency of the evidence before the county judge to sustain his decision that they should be issued, and the constitutionality of the legislative acts authorizing such issue. All that was really decided in that case was that the resolution of the town meeting did not authorize the action which the supervisor had brought, and that the supervisor alone had no power to institute such an action.

The language of the court in Town of Fort Covington v. U. S. & C. R. R. Co., 8 App. Div. 223, 40 N. Y. Supp. 313, so far as it indicates that the question of authority to bring the action might be raised on motion, was purely obiter. The court there held that the town had a right to bring the action, and that it was not necessary to aver or prove action on the part of the town meeting in order to entitle a town to recover upon a cause of action shown to exist in its favor.

We have not considered the other questions raised upon the argument of this appeal, viz., whether defendants' remedy was by a motion of this character or by way of defense pleaded in the answer and proved upon the trial, or whether, if defendants might take this objection, it has not been waived. We prefer to put our decision upon the broad ground that the action of the town board was sufficient, in the first instance, to authorize the bringing thereof.

The order appealed from should be affirmed, with $10 costs and disbursements. All concur, except JENKS, J., who takes no part.