### TUMA et al. v. PIEPENBRINK.

#### SAME v. ESTATES OF HAVEMEYER POINT.

#### (Supreme Court, Special Term, Suffolk County.)

1. TOWNS (§ 75*)—TOWN LANDS—TRUSTEES—POWER TO SUE.

Town trustees elected under Laws 1857, c. 503, providing that the electors of the town of Islip shall, at the annual town meeting, choose three trustees who shall have charge of the lands of the town under such regulations as may from time to time be made by such electors, had power to lease the town lands, but could not sue or be sued with reference thereto.

[Ed. Note.—For other cases, see Towns, Cent. Dig. § 120; Dec. Dig. § 75.*]

2. TOWNS (§ 75*)—ACTIONS—CAPACITY TO SUE.

Town Law (Consol. Laws 1909, c. 62) § 11, provides that any action or special proceeding for the benefit of a town on a contract lawfully made

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

with any of its town officers, to enforce any liability created or duty enjoined upon those officers, or the town represented by them, or to recover damages for injury to the property or rights of such officers, or the town represented by them, shall be in the name of the town. *Held*, that an action with reference to town lands must be brought in the name of the town, and not in the name of the town's trustees.

[Ed. Note.—For other cases, see Towns, Cent. Dig. § 120; Dec. Dig. § 75.*]

Actions by Frank W. Tuma and others, as Trustees of the Town Lands of the Town of Islip, against Clarence Piepenbrink, and by the same plaintiffs against the Estates of Havemeyer Point. On defendants' demurrer to the complaint. Sustained, and complaints dismissed.

Henry A. Rubino, for plaintiffs.
Parker, Hatch & Sheehan, for defendant Piepenbrink.
Fred Ingraham, for defendant Estates of Havemeyer Point.

JAYCOX, J. The defendants demur to the complaint upon three grounds: First, that the plaintiffs have not legal capacity to sue. Second, that the complaint does not state facts sufficient to constitute a cause of action. Third, that there is a defect of parties defendant in omitting the town of Islip, the owner of the lands.

The second and third grounds of demurrer have been passed upon in the companion actions of Bachia v. Same Defendants, which are decided herewith.

[1] The office which the plaintiffs hold was created by chapter 503 of the Laws of 1857. By said law it was provided that:

"The electors of the town of Islip shall, at the annual town meeting in each year, choose three trustees who shall have charge of the lands of said Town under such legal rules and regulations as may from time to time be made by said electors."

This, in my opinion, in the absence of any restriction by way of rules or regulations by the electors of the town, authorized the plaintiffs to lease the premises; but I am of the opinion that it did not confer upon them the right to sue or be sued. There is nothing in the grant of power to them which would indicate an intention upon the part of the Legislature to clothe them with this power. The plaintiffs, in support of their contention that they have the right to sue, cite several general statements to the effect that public officers have ample authority as incident to their offices to bring all suits which a proper and faithful discharge of their official duties require, and cites particularly the case of Rouse and Eddey, Overseers of the Poor of Pittstown, v. Moore and Hunter, Overseers of the Poor of the Town of Plattsburg, 18 Johns. 407, and quotes from that case the following:

"In short, there can be no doubt that, when a public office is instituted by the Legislature, ample authority is conferred on the officer to bring all suits as incident to his office which the proper and faithful discharge of the duties of his office require."

I think that, at the time when this case was decided, it would have been authority for holding that these plaintiffs have capacity to sue;

but since then the statute law has been changed, and I think that the application of this case must be made in view of that change in the statute law.  Such officers were, as I understand the law, authorized to sue because of the necessities of the situation.  That necessity no longer exists.  In People v. Supervisors of New York, 32 N. Y. 473, it is said:

"For the purpose of effectuating rights which cannot otherwise be protected and enforced, the capacity of public officers to sue and to be sued is recognized at common law, to an extent commensurate with their public duties and trusts; and the statutes expressly authorizing suits by and against particular officers are for the most part merely declaratory of this common-law rule."

It will be seen from the above quotation that this rule was the result of necessity, and when that necessity no longer exists I think the rule is abrogated.

Prior to the passage of the Town Law (chapter 569 of the Laws of 1890), towns had a very limited corporate power.  In cases coming within such powers the town could sue and be sued, except where the town officers were authorized to sue in their names of office for the benefit of the town.  Prior to that time the overseers of the poor and other administrative officers were elected at town elections; but in the performance of their official duties they were not in any legal sense the servants or agents of their respective towns.  They and their successors in office alone could sue and be sued upon their contracts and for other causes of action relating to, and within the scope of, their official powers.  The first change from this limited liability of the town was by chapter 700 of the Laws of 1881.  Then section 182 of chapter 569 of the Laws of 1890 made practically the same provision that is now in force in section 11 of the Town Law (Consol. Laws, c. 62).  After the passage of that act, it was held that the overseer of the poor was no longer liable upon contracts made by him, but that the action should be brought against the town itself.  Miller v. Bush, 87 Hun, 507, 34 N. Y. Supp. 286.

[2]  There is no reason at present for holding that the plaintiffs should sue.  They have no interest or estate in the property.  Their sole duty in relation to the property is to take charge of it.  What is embraced in the term "take charge" depends somewhat upon the nature of the property which the trustee is to take charge of.  If it is a public park, no one would assert that the trustee was to lease it.  On the other hand, if the property consisted of a tenement house, if the trustee did not lease it, every one would say he was remiss in his duty.  The property in question may not be of the extreme character indicated in either of the illustrations, but it does seem to me that to take charge of does not in any way indicate a right to sue in relation thereto; while, on the other hand, that the town has such power I do not think can be seriously disputed.  Section 11 of the Town Law provides as follows:

"Any action or special proceeding for the benefit of a town, upon a contract lawfully made with any of its town officers, to enforce any liability created or duty enjoined upon those officers, or the town represented by them, or to recover any penalty or forfeiture given to such officers, or the town

represented by them, or to recover damages for injury to the property or rights of such officers, or the town represented by them, shall be in the name of the town. Any action or special proceeding to enforce the liability of the town upon any such contract, or for any liability of the town for any act or omission of its town officers, shall be in the name of the town."

Plaintiffs argue that this does not authorize an action in the name of the town; their contention being that the town is only authorized to sue under this section when the action is upon a contract lawfully made with any of the town officers. As I interpret this section, it provides that:

"Any action or special proceeding for the benefit of a town * * * shall be in the name of the town." "Any action upon a contract lawfully made with any of its town officers * * * shall be in the name of the town."

And so on through all the different classes of actions mentioned in the section. If I am wrong in this interpretation of the section of the Town Law, the result is not changed, as the section is not necessary to empower the town to bring the action under the existing law.

The Appellate Division in this department, in an action in ejectment brought by a town, speaking through Mr. Justice Burr, said:

"While it is true that section 182 of the Town Law (now section 11) specified certain actions or special proceedings which may be brought, and certain liabilities for the enforcement of which a town may be sued, this was not intended to and does not deal with the creation and existence of rights or liabilities on the part of the town, but at the most only with methods for the enforcement of those rights and liabilities there referred to. Acme Road Machinery Co. v. Town of Bridgewater, 185 N. Y. 1, 77 N. E. 879; Town of Pelham v. Shinn, 129 App. Div. 20, 113 N. Y. Supp. 98. The fact that an action of this character is not one there specified would not deprive the town of the right to maintain it." Town of Hempstead v. Lawrence, 138 App. Div. 473, 122 N. Y. Supp. 1037.

The rights of the town in regard to actions in relation to its property are in that case very fully discussed, and it is there held that the town has the right to institute and maintain actions in relation thereto.

From the section of the law quoted, and from the case last above cited, it is apparent that the town has authority to bring this action. That being so, I think the necessity of any power in any particular officers of the town to institute such an action is overcome. If I am right in the assumption that public officers were vested with the power to sue by reason of the necessity of the case, then I think it follows as a logical conclusion that, as the necessity has ceased, power to sue has also terminated.

The demurrers are therefore sustained, and the complaints dismissed, with costs.