(160 App. Div. 225)

### TUMA et al. v. PIEPENBRINK.

(Supreme Court, Appellate Division, Second Department. January 20, 1914.)

1. Towns (§ 35*)—Power of Town Trustees—Lease of Land.

Laws 1857, c. 503, § 3, requires the electors of the town of Islip to annually choose three trustees, who shall have charge of the lands of the town under such regulations as may be made by the electors. Laws 1903, c. 455, authorizes such town to acquire sites for building docks for public use and to take title to the same in the name of the trustees chosen under the act of 1857, and provides that such trustees and their successors should have charge of all docks, etc., and power to prescribe rules for their use by the public, and to take in their names, as trustees for the use of the town, leases of land under water adjoining landing places when

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

authorized to do so by majority vote of the town board. *Held* that, to make valid a conveyance of the town trustees of a seashore belonging to the town for a possible term of 60 years, there must be clear proof of the authority of the trustees as custodian of the town land to make such conveyance.

[Ed. Note.—For other cases, see Towns, Cent. Dig. §§ 63–68; Dec. Dig. § 35.*]

2. Towns (§ 75*)—Real Parties in Interest—Municipality.

Since the title to town property, the control of which is given to the trustees of the town of Islip by Laws 1857, c. 503, § 3, and Laws 1903, c. 455, is in the town itself, the trustees merely having control of the land, an action to assert title to such land on behalf of the town cannot be maintained by the trustees but only by the town.

[Ed. Note.—For other cases, see Towns, Cent. Dig. § 120; Dec. Dig. § 75.*]

Appeal from Special Term, Suffolk County.

Action by Frank W. Tuma and others, as Trustees of the Town Lands of the Town of Islip, against Clarence Piepenbrink. From an interlocutory judgment sustaining a demurrer to the complaint and from an order (77 Misc. Rep. 357, 136 N. Y. Supp. 343), denying permission to serve an amended complaint, plaintiffs appeal. Judgment reversed in part and affirmed in part, and order affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, RICH, and PUTNAM, JJ.

Henry A. Rubino, of New York City, for appellants.
Ashley T. Cole, of New York City, for respondent.

THOMAS, J. The appeal is from an interlocutory judgment sustaining demurrer to the complaint, and from an order in effect denying permission to serve an amended complaint. It was decided that the plaintiffs have neither legal capacity to sue nor a cause of action.

The town of Islip is the owner of lands within Great South Bay and the ocean, title whereof came by cession from the town of Huntington in 1818, and also by cession from the state of New York by chapter 503 of the Laws of 1857, which contained the following provision:

"Sec. 3. The electors of the town of Islip shall, at the annual town meeting in each and every year hereafter, choose three trustees who shall have the charge of the lands of said town, under such legal rules and regulations as may from time to time be made by said electors."

Pursuant to section 3, the trustees were elected, and, in 1908, the trustees of the town then existing executed a lease to certain persons of such premises for the term of ten years from the following January at the yearly rental of $75, with the privilege of renewing the lease for a term of 25 years at the rental of $100 per year and of a second renewal for a term of 25 years at the rental of $150 a year, which lease, by assignment, came to the defendant. By chapter 455, Laws of 1903, the town of Islip was authorized to purchase docks and acquire sites for and to build docks and bulkheads within the town for public use and to take title to the same "in the name of the trustees of town lands

of said town, as created by chapter five hundred and three of the laws of eighteen hundred and fifty-seven," and it was provided that:

"Such trustees and their successors in office shall have the charge and supervision of all such docks, bulkheads and landing places, and the power to prescribe rules and regulations for the use thereof by the public; and to take, in their names as such trustees, for the use of said town, leases of land under water adjoining such landing places, whenever authorized to do so by a majority vote of the town board of said town. Such trustees of town lands shall hereafter be chosen, as are other town officers, at each regular biennial town meeting in said town; and section three of chapter five hundred and three of the laws of eighteen hundred and fifty-seven, is hereby amended accordingly."

The title to the lands in question is in the town. The trustees are placed in charge of them. The primary question is whether such trustees may create an estate for years by virtue of whatever power is given them by the statute. No rules and regulations were made by the town, and so the ability of the trustees as given by the statute remains unaffected. It is not contended by the defendant that the trustees had power to alienate lands, and it would be obvious excess of that power to demise the premises for a term stretching over one or more centuries. But there is no distinction between the power to convey for a period of 100 years and that of making a lease potential for a term of 60 years. The town holds the lands in private as distinguished from public ownership, and the trustees are created for the purpose of taking charge of the lands and conducting them pursuant to the will of the town. The performance of duties by the trustees is subject to the rules and regulations the town may make; but, in absence of the same, the powers and duties of the trustees must be limited to such acts and conduct as the terms of the power would ordinarily imply. Where property of one person is given in charge of another, there is no implication that the agent or trustees may alienate or make other use of the property than its condition and adaptation, considered in connection with the nature of the power, indicate. If it were farming property, it could be implied that it should be used in accordance with good husbandry, or, if fruit land, that it should be cultivated as such and the fruit gathered and delivered to the owner, or, if that were impracticable, marketed for his benefit. If it were a house appropriable for renting, the agent in charge would not allow it to go to waste, but would install a tenant for a customary time and account for the rents to his principal. Authority to take charge of a thing is authority to take it into custody and preserve and manage it for the purpose to which it has been adapted. If it may be inferred in the present case, although there is not such description of it, that the land is a stretch of sandy beach and that it is useful and appropriable only for those purposes that make proximity to the sea a necessity, convenience, or pleasure, such as for a summer residence, a fishery plant, a signal station, landing, and similar uses, still it does not appear that any such possible adaptation had been made. Before passing definitely upon the question, more informing facts are necessary.

[1] But it may be said even on the present record that the conveyance of the seashore, if such it be, for a possible term of 60 years, would be

such extension of the power of a custodian and such elimination by managing agents of the dominion of the principal over his property as to require clear proof of authority.

[2] But the power of the present trustees to maintain this action does not appear.   The title of the property is in the town, and it has the right of a private owner to assert that title by an appeal to the court in its own proper name.   It does not hold the property for usual town purposes, but as a proprietor, and there is no reason why as such proprietor it cannot maintain an action to vindicate an invasion of its ownership.   No enabling statute is required, at least beyond that which gives it ability to own the property.   As was said in Town of Hempstead v. Lawrence, 138 App. Div. 473, 475, 122 N. Y. Supp. 1037, 1039:

"The protection of the property of a town from unlawful invasion and trespass is not a purely public and governmental function, but the maintenance of a private and property right.   Bridges v. Board of Sup'rs of Sullivan County, 92 N. Y. 570.   As was said by Chief Judge Ruger in that case, a town is 'entitled to the same remedies for the protection of its rights of property as exist for the enforcement of similar rights in the case of individuals.'"

But may the town or the trustees appointed to take charge also sue? It would seem that the principal having the title, the power to sue, the authority to rule and to regulate, should will when an action should or should not be brought, even to the exclusion of the custodian subordinated by statute to governance by the town.   There is no necessity for suit in the name of and by the trustees.   Maybe the town prefers to ratify the lease.   In any case, it owns and has plenary power to sue or to forbear.

In this view the judgment on the demurrer should be affirmed, upon the sole ground that the plaintiffs have not the legal capacity to sue, and the order should be affirmed, without costs.

CARR, RICH, and PUTNAM, JJ., concur.   JENKS, P. J., not voting.