(96 Misc. Rep. 264)

### SAILE et al., Town Board, v. EDELL et al.

(Supreme Court, Special Term, Monroe County. July 25, 1916.)

*(Syllabus by the Court.)*

PARTIES ⬾76(7)—DEMURRER—QUESTIONS RAISED.

The objection that the plaintiff has no legal capacity to sue cannot be raised under a demurrer that the complaint does not state facts sufficient to constitute a cause of action.

[Ed. Note.—For other cases, see Parties, Cent. Dig. § 120; Dec. Dig. ⬾76(7); Pleading, Cent. Dig. § 494.]

Action by George J. Saile and others, as the Town Board of the Town of Gates, against Evelyn M. Edell and others. Demurrer by defendant Evelyn M. Edell overruled.

James D. Harris, of Rochester, for the motion.
Joseph P. Doyle, of Rochester, opposed.

---

⬾For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

RODENBECK, J.   The defendant Evelyn M. Edell demurs to the complaint on the ground that it does not state facts sufficient to constitute a cause of action.   The action is brought to restrain the unauthorized use of a sewer in the town of Gates by the defendants, and sufficient facts are alleged in the complaint to constitute a cause of action.

It seems to me that a serious question is presented, however, as to the legal capacity of the town board to institute this action.   Town of Hempstead v. Lawrence, 138 App. Div. 473, 122 N. Y. Supp. 1037; Tuma v. Piepenbrink, 77 Misc. Rep. 357, 136 N. Y. Supp. 343; Id., 160 App. Div. 225, 145 N. Y. Supp. 474.   The town board has no authority to sue on behalf of the town, or with reference to any matters relating to the town, except by express permission of the Legislature.   Chapter 370 of the Laws of 1898, under which the lateral and branch sewers were constructed, does not confer any authority upon the town board to institute suits of this character.   It provides that the powers and duties of the town board with respect to the construction of the sewer shall cease upon their certification to the town assessors of the full cost and expense of their construction.   Section 9. The actions authorized by section 15 relate to those growing out of the "construction" of the sewers, and not to suits of the nature of this one.   For the purposes of constructing the sewers the town board by the statute were made executive officers, but upon the completion of the sewers the town alone would have authority to restrain persons from using the sewers who were not entitled to do so.   The legal incapacity of the plaintiff to sue is required to be specifically pointed out and made a distinct ground for demurrer.   Any defect of this character cannot be taken advantage of under a demurrer that the facts alleged do not constitute a cause of action.   Irving National Bank v. Corbett, 10 Abb. N. C. 85; Van Zandt v. Van Zandt, 26 N. Y. St. Rep. 963, 7 N. Y. Supp. 706.

The demurrer therefore must be overruled.