ACME ROAD MACHINERY COMPANY, Respondent, *v.* THE TOWN
OF BRIDGEWATER, Appellant.

1. TOWN NOT LIABLE FOR PRICE OF ROAD MACHINE PURCHASED BY
COMMISSIONER OF HIGHWAYS. A town is not liable for the price of a
road machine purchased by its commissioner of highways, with the
assent of the town board, under the provisions of section 6 of the High-
way Law (L. 1890, ch. 568, amd. L. 1896, ch. 987), since that section
expressly requires the machine to be paid for with money appropriated
for highway purposes, thus excluding any power upon his part to impose
a debt upon the town.

2. SECTION 182 OF TOWN LAW CREATES NO NEW LIABILITY. The fact
that the commissioner having made a valid contract to purchase, with
sufficient funds in his hands for the purpose, fails to pay for the machine
does not render the town liable under section 182 of the Town Law (L.
1890, ch. 569), providing that any action or special proceeding to enforce
the liability of the town for "any act or omission of its town officers shall
be in the name of the town;" that provision creates no liability on the
part of the town where previous to its enactment the town would not have
been liable, but simply provides that in cases in which it is liable the pro-
ceedings must be taken against it directly.

*Acme Road Machinery Co.* v. *Town of Bridgewater,* 104 App. Div. 597,
reversed.

(Argued April 6, 1906; decided April 24, 1906.)

APPEAL from a judgment of the Appellate Division of the
Supreme Court in the fourth judicial department, entered
June 10, 1905, affirming a judgment in favor of plaintiff
entered upon the report of a referee.

1

The nature of the action and the facts, so far as material, are stated in the opinion.

*L. D. Edwards* for appellant. The referee erred in refusing to dismiss the complaint, since the action should have been brought, if at all, against the highway commissioner. (*People ex rel. Everett* v. *Supervisors*, 93 N. Y. 397; *People ex rel. Van Keuren* v. *Town Auditors*, 74 N. Y. 310; *Jackson* v. *Collins*, 41 N. Y. S. R. 590; *McDonald* v. *Mayor*, 68 N. Y. 23; *Wells* v. *Town of Salina*, 119 N. Y. 280; *Lyth* v. *Town of Evans*, 68 N. Y. Supp. 359; *People* v. *Burrell*, 35 N.Y. Supp. 608; *Morey* v. *Town Board*, 175 N. Y. 398; *Marson* v. *Town*, 69 N. Y. S. R. 450; *Holroyd* v. *Town of Indian Lake*, 180 N. Y. 318.) Unless there is given the most express statutory authority to maintain an action against towns as such to recover claims of the nature of the one herein, then none can be maintained and the court had no jurisdiction to determine it against the objections of the defendant. (*People* v. *Denison*, 84 N. Y. 281; *People* v. *Barnes*, 114 N. Y. 323; *Brown* v. *Town of Canton*, 4 Lans. 411; *Bell* v. *Town of Esopus*, 49 Barb. 506; *Mallory* v. *Board*, 60 Hun, 422; *Wells* v. *Town of Salina*, 119 N. Y. 283.)

*A. B. Steele* for respondent. A commissioner of highways, with the approval of the town board, has the right to purchase one or more road machines. (L. 1890, ch. 568, § 6.) Action directly against the town was proper, as no audit of the town board was necessary. (*Marsh* v. *Town of Little Valley*, 1 Hun, 554; 64 N. Y. 112; *Bennett* v. *Town of Ogden*, 81 App. Div. 455; *Bragg* v. *Town of Victor*, 84 App. Div. 83; *Hathway* v. *Town of Homer*, 5 Lans. 267; *Northrup* v. *Town of Pittsfield*, 2 T. & C. 108; *Brown* v. *Town of Canton*, 4 Lans. 409; *Ex parte Lynch*, 2 Hill, 45; *Perkins* v. *Hawkins*, 46 N. Y. 9; *People* v. *C. A. Board*, 40 Barb. 264; *Horn* v. *Town of New Lots*, 83 N. Y. 101.)

CULLEN, Ch. J. The action is brought to recover the price of a road machine purchased by the commissioner of high-

ways of the defendant town, with the assent of the town board, under the provisions of section 6 of the Highway Law (Laws 1890, ch. 568 ; amd. Laws 1896, ch. 987). The only question necessary for us to consider on this appeal is the liability of the town on the contract made by the commissioner of highways. The question has been so thoroughly discussed in the prevailing and dissenting opinions below that it is necessary for us to state only very briefly the reasons for the conclusion at which we have arrived. Under the statute the contract of purchase is not made by the town, but by the commissioner of highways, and it is clear that under the settled law of this state prior to recent legislation the town was not responsible for the defaults of its highway commissioner. In *People ex rel. Van Keuren* v. *Town Auditors of Esopus* (74 N. Y. 310) it was said : " Under our system, no corporate duty is imposed upon towns in respect to the care, superintendence or regulation of highways within their limits. * * * The election of commissioners of highways by the towns is a convenient method of designating suitable public agents to discharge the duties imposed for general purposes upon those officers, and the state has committed to the portion of the public, residing in the locality, to determine within certain limits what amount of taxation shall be imposed for the support of highways.. These circumstances do not, however, make the highway officers the agents of the town, so as to subject the town to liability for their acts." (See *People ex rel. Everett* v. *Board of Supervisors,* 93 N. Y. 397.) It is true that by chapter 700 of the Laws of 1881 towns are made liable for damages suffered by persons by reason of defective highways or bridges in cases where the commissioner or commissioners were theretofore liable by law, but the statute does not include any claim of the present character, and even as to the claims comprised within it the town is given a remedy over against the defaulting commissioner. In certain emergencies, and upon compliance with certain requirements, a commissioner is authorized by statute to bind the town for expenditures made by him, but the statutory provision empowering the commissioner to purchase

road machines gives no such authority. It reads: " The commissioner or commissioners of highways may, \* \* \* with the approval of the town board, purchase and hold for the use of the town at large, one or more road machines, and pay for the same with money appropriated and set apart for highway purposes." This provision expressly excludes any power on the part of the highway commissioner to impose a debt on the town, for he is required to pay for the machine with money appropriated for highway purposes. If the highway moneys were insufficient to purchase a road machine, then, necessarily, the purchase was unauthorized. If they were sufficient, then the commissioner was bound to pay out of the money in his possession or under his control. If he failed to do so, he was personally liable on his contract. The learned counsel for the respondent concedes that the commissioner is not the agent of the town so as to contract debts on its behalf for repairs made to highways either for material or work, but insists that such is not the theory on which his action is brought. He contends that the commissioner of highways, having made a valid contract to purchase, and with funds in hand sufficient for the purpose, having failed to pay for the machine, the town is liable for his default or misconduct under section 182 of the Town Law (Laws 1890, ch. 569), which provides that " any action or special proceeding to enforce the liability of the town upon any such contract, or for any liability of the town for any act or omission of its town officers, shall be in the name of the town ; and all contracts made by such officers for and in behalf of their towns shall be in the name of the town." We think that this statutory provision has no such far reaching result as is contended for. Its effect and purport are not to create any liability on the part of the town for an act or omission of its officer where the town, previous to the enactment of the statute, would not have been liable, but in those cases in which the town was liable, to provide that the action should be brought against the town directly. In other words, the section deals not with the creation or existence of liabilities on the part of the town but with procedure for the

enforcement of liability. The case of *Markey* v. *County of Queens* (154 N. Y. 675) is quite similar to that before us. There the county was sued for the default of its supervisors in failing to safely maintain a bridge between it and an adjoining county. The only question involved was the liability of the county for the misconduct of its officers in the discharge of a duty imposed upon them by law. While conceding that at an earlier time no liability existed on the part of a county for the default of its officials, it was contended by the plaintiff that such rule had been abrogated by the County Law (Laws 1892, Ch. 686.) By section 2 of the statute the county was made a municipal corporation. Section 3 provided: " An action or special proceeding for or against a county, or for its benefit, and upon a contract lawfully made with it, or with any of its officers or agents authorized to contract in its behalf, or to enforce any liability created, or duty enjoined upon it, or upon any of its officers or agents for which it is liable, or to recover damages for any injury to any property or rights for which it is liable, shall be in the name of the county." The contention of the plaintiff was overruled by this court and it was held that the statute imposed no new liability on the county. The opinion there rendered by Judge GRAY discusses at length the relation of counties and towns to bridges and highways, and clearly points out that without express statutory enactment neither could be made liable for the misconduct of the officer upon whom the duty of maintaining bridges and highways is imposed.

For these reasons the judgment below should be reversed and the complaint dismissed, with costs in all courts.

GRAY, WERNER and CHASE, JJ., concur; EDWARD T. BARTLETT, J., dissents; O'BRIEN, J., absent; HISCOCK, J., not sitting.

Judgment reversed, etc.