THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THE TOWN OF FRANKFORT, Appellant.

Third Department, March 6, 1918.

Highways — method of recovery by State for construction of added width of highway through town under provisions of Highway Law — remedy before board of town auditors exclusive.

A balance due to the State for the construction of an added width of highway through a town under the provisions of section 138a of the Highway Law, is imposed by statute upon the town for town purposes;

and the sole remedy of the State to recover such money is through the board of town auditors, and, hence, a complaint in an action against the town should be dismissed.

WOODWARD, J., dissented, with opinion.

APPEAL by the defendant, The Town of Frankfort, from an order of the Supreme Court, made at the Albany Trial Term and entered in the office of the clerk of the county of Albany on the 5th day of October, 1917, denying defendant's motion for judgment on the pleadings, consisting of a complaint, answer and reply.

*H. Leslie Wilbur,* for the appellant.

*Merton E. Lewis,* Attorney-General [*Arthur E. Rose,* Deputy Attorney-General, of counsel], for the respondent.

JOHN M. KELLOGG, P. J.:

Section 133 of the Town Law requires the town board to meet " for the purpose of auditing accounts and allowing or rejecting all charges, claims and demands against the town." The town board makes duplicate certificates of all claims allowed, one of which is filed with the town clerk and the other delivered to the supervisor, to be by him laid before the board of supervisors, which causes to be levied and raised upon the town the amount specified in the certificate " in the same manner as they are directed to levy and raise other town charges."

Section 170 defines town charges and provides for their payment from money raised by taxation after audit by the town board, under which charges are: " 4. Every sum directed by law to be raised for any town purpose. 5. All judgments duly recovered against a town."

The defendant contends that the plaintiff can only realize its claim by applying to the board of town auditors, and that this action cannot be maintained.

Ordinarily the commissioner of highways is not the agent of the town and cannot make contracts binding upon the town. His duties ordinarily are to disburse the moneys which have already been raised by the town for his use. (*Acme Road Machinery Co.* v. *Town of Bridgewater,* 185 N. Y. 1.) But here he has had nothing to do with the construction of this

road, or with the plaintiff's claim. The complaint shows a claim against the town arising under section 138a, added to the Highway Law by chapter 375 of the Laws of 1911, which provided that when the Commission shall determine upon the construction or improvement of a State or county highway, the town board of the town may, in certain cases, require a wider or better road to be constructed and " that such portion of highway shall be constructed or improved to the additional width or in the manner, or both, specified in its petition, at the expense of the town." Upon the completion of the road the Commission is to certify to the town board the cost of such additional construction and " the town board shall pay the same out of moneys raised by tax, or from the issue and sale of bonds," as provided in the section.*

The bonds issue pursuant to a vote at a town meeting as provided by section 142 of the law, and are to be sold by the supervisor. The town board does not handle the town funds or pay the town accounts. Those duties are charged upon the supervisor (§ 98), and he is required to give a bond to faithfully account for the moneys received by him. (Town Law, § 100.)

The requirement of section 138a that the town board shall pay the additional cost out of moneys raised by taxation is satisfied by considering it as a direction to put it in process of payment, that is to audit it and put it in line to be laid before the board of supervisors so that it may levy it against the town.

The caption of section 138a, " State and county highways of additional width and increased cost at expense of town," and the fact that the town is requiring the State to build a State highway in a manner directed by the town, is also persuasive evidence that such additional construction is for a town purpose and is imposed upon a town by direction of law. The law requires that the amount stated to the town board by the Highway Department shall be paid by the town through taxation. Perhaps that direction may not ordinarily leave much for the town board, but there is not much discretion with the town board as to whether a judg-

---

*Since materially amended by Laws of 1916, chap. 461.— [REP.

ment against the town should be paid or not, or whether a sum directed by law shall be paid or not. Nevertheless the audit is part of the machinery for the ascertainment and collection of the town charges. Cases might arise where the town board of auditors would have to determine whether the steps necessary to impose the additional cost upon the town had been taken, and in this case, where partial payment had been made, it would be a fair question for it to consider the balance remaining unpaid. The amount sought to be recovered is imposed by statute upon the town for town purposes, and the plaintiff's remedy is before the board of town auditors and not by action. We have seen that the remedy to collect a judgment against a town is through the town board. Therefore, if the plaintiff recovers judgment in this case it will be of no avail, for it must submit its claim for audit and collect it through the ordinary machinery established for the collection of town accounts. The only effect, therefore, of a judgment in favor of the plaintiff would be to compel the town to pay costs. The summary method established for auditing town accounts was adopted, in part at least, to save the town from unnecessary costs and litigation.

Independent of the statute, concededly the matters alleged in the complaint do not form a town account; but the statute has provided that those facts make a town liable. The plaintiff is, therefore, seeking to recover a " sum directed by law to be raised for any town purpose." It cannot, therefore, maintain the action; its sole remedy is through the board of town auditors.

The order should, therefore, be reversed, with costs, and the complaint dismissed, with costs.

All concurred, except Woodward, J., dissenting with an opinion.

Woodward, J. (dissenting):

The State of New York brings this action to recover the balance claimed to be due to it for the construction of an added width of highway through the town of Frankfort, under the provisions of the Highway Law. There is no dispute that the State of New York had under consideration the construction of State highway No. 5219, known as the Ilion-

Frankfort highway, and that the town of Frankfort duly petitioned for an increased width of said highway, to be constructed of different material from that in use under the general plans. Neither is there any dispute that the petition was taken under consideration, resulting in the submission of plans and specifications under which the work was to be done, and that the town board duly approved of such plans and specifications. In fact it appears to be conceded that everything was done in harmony with the statutory requirements, involving the town of Frankfort in an obligation to pay the amount expended in making this improved highway through a portion of the township. But the town has refused to pay the amount certified by the proper authorities, and on being sued has made a motion at Special Term to dismiss the complaint upon the ground that the action is prematurely brought, because it is alleged that the State was bound to submit this claim to the board of town auditors for audit before any liability attached. The powers of the town board with respect to auditing, allowing or rejecting all accounts, charges, claims or demands against the town are devolved upon and shall be exercised by the board of town auditors which existed in defendant town. (Town Law, § 153, as amd. by Laws of 1910, chap. 316.)

The question involved is the proper construction of section 138a of the Highway Law (Consol. Laws, chap. 25 [Laws of 1909, chap. 30], as added by Laws of 1911, chap. 375),* in connection with the provisions of section 170 of the Town Law (Consol. Laws, chap. 62 [Laws of 1909, chap. 63], as amd. by Laws of 1914, chap. 440); and to intelligently understand the provisions of section 138a it is necessary to consider the provisions of the Highway Law in reference to the construction of State and county highways, as well as the provisions of the Town Law. Section 170 of the Town Law, on which the appellant relies, declares that " the following shall be deemed town charges," and follows with seven subdivisions, relating to the ordinary affairs of a town, and including among these subdivision 4, which reads, " Every sum directed by law to be raised for any town purpose." The

---

* Since materially amended by Laws of 1916, chap. 461.— [REP.

most obvious thing about subdivision 4 is that it relates to the sums which are " directed by law to be raised for any town purpose," and we look in vain in the Highway Law for any direction that any sum of money shall be raised for a town purpose. Section 138a of the Highway Law extends a privilege to the town, just as it had previously extended a like privilege to the villages of the State; it permits the town board to enter into a contract with the State for the purpose of making a better highway than that contemplated by the State's general plans, but it in no sense directs the raising of any money for town purposes, and it is only as to " All town charges specified in this section " (Town Law, § 170) that the statute requires to " be presented to the town board for audit." It seems entirely clear that the Town Law did not have in contemplation such a situation as is here presented.

Section 138a of the Highway Law, as it existed when this transaction occurred, provided that whenever the Commission should have determined upon the construction or improvement of a State highway or section thereof or had approved the resolution of a board of supervisors for a county highway, and had prepared plans and specifications therefor, notice should be given to the several town boards; that if such town boards desired to make a change in such plans, they might proceed by petition to the Commission for an estimate of the increased cost of the change. It was made the duty of the Commission to make an estimate of the additional cost and submit the same to the town board, and the town board was then authorized to adopt a resolution by a vote of a majority of all the members of such board authorizing the construction of the highway under the changed plans at the expense of the town for the additional cost. That the Legislature understood that this was an independent and complete statutory power, entirely apart from the ordinary duties of a town board, is entirely obvious, for it provides that " If the town board deems that the additional cost as estimated by the Commission should be raised by the issue and sale of town bonds, it may present a proposition for the issue and sale of town bonds, in an amount not exceeding the amount specified in such proposition, at an annual or special town meeting, and if such proposition is adopted the bonds of

the town may be issued and sold in the manner prescribed in section one hundred and forty-two of this chapter. Upon the adoption of a resolution of the town board to construct or improve such highway to an additional width, or in a manner involving increased cost as aforesaid, or both, without the issue and sale of town bonds, or upon the adoption of a proposition for such issue and sale at a town meeting, the town board shall notify the Commission of such action, and the Commission shall thereupon cause the plans, specifications and estimate for such highway to be modified so as to provide for such additional construction in the contract. Upon the proper completion thereof, the Commission shall certify to the town board of any such town the cost of such additional construction and the town board shall pay the same out of moneys raised by tax, or from the issue and sale of bonds, as above provided."

The statute here provides its own audit; it provides all of the conditions, and when such conditions have been fulfilled it directs that the town board shall pay the added expense. There is no possible reason for looking to the Town Law for further conditions; the Highway Law provides all that is necessary for the protection of the town, and the whole scheme of the act clearly indicates an intention on the part of the Legislature to construct improved highways only to the extent that there is available money for carrying on the work. This appears not only from the provisions of section 138a, but from those of sections 137, 138, 142, 129, and the general language of the act, as amended. The matter involved in this action is not a town charge, within the meaning of the Town Law, for it is not a sum directed by law to be raised for a town purpose; it is an obligation which the town was permitted to incur under special conditions, and the act under which this was accomplished provided that the final audit should be made by the Commission of Highways, leaving to the town board no other duty than to pay the amount fixed out of the funds raised by taxation or by the sale of bonds.

The order appealed from should be affirmed, with costs.

Order reversed, with ten dollars costs and disbursements, and motion granted, with costs.