NEW PALTZ, HIGHLAND AND POUGHKEEPSIE TRACTION COMPANY, Respondent, Appellant, *v.* THE COUNTY OF ULSTER, Respondent, Impleaded with THE TOWN OF LLOYD, Appellant, Respondent.

Third Department, July 6, 1922.

**Towns — highways — action on contract — plaintiff's tracks removed from one side of road which was under construction to other side, under contract with county and town that plaintiff should have indefeasible right to use land to which track was removed — State highway contractor in relocating tracks placed same on lands of abutting owner — owner recovered judgment against plaintiff — contract not authorized and county and town not liable for judgment so recovered.**

In an action on a contract between the plaintiff, a street railway company, and a county, a town, a county superintendent of highways, town superintendent of highways, and the State Commissioner of Highways to recover from the county and the town the amount of a judgment which had been recovered against the plain-

tiff after its tracks had been relocated by a State contractor on the opposite side of the road from that on which they were originally laid and partly on lands of an abutting owner, it appeared that the plans for the county highway along which the plaintiff's tracks ran provided for changing its tracks from the southerly to the northerly side of the highway, that plaintiff claimed to own the land on which its tracks were then laid and that for the purpose of protecting its rights the contract in question was entered into which provided among other things that the plaintiff should " have absolute, indefeasible and perpetual right to enjoy and use the land to which its railroad tracks  *  *  *  shall have been removed as aforesaid with the same exemptions as now enjoyed " by the plaintiff in the land now used by it in the operation of its railroad.

*Held,* that neither the county nor the town had any authority for making the contract in question and none of the officers who signed said contract had any authority so to act.

Liability cannot be predicated on section 148 of the Highway Law which requires the board of supervisors to acquire any added land necessary for the proposed highway under certain circumstances, since the statute was not complied with, but on the contrary the railroad tracks were relocated on the lands of the abutting owner by the said contractor and constituted a trespass thereon for which neither the State, county or town is liable, nor can liability be predicated on section 138a of the Highway Law in reference to increasing the width of a highway at the request of the town board of a town, since the proceedings provided for in that section were not followed.

The fact that under the statute towns and counties are to bear certain expenses in acquiring lands for a highway does not put upon towns or counties an implied liability for contracts made without authority of statute.

APPEAL by the defendant, The Town of Lloyd from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Ulster on the 3d day of November, 1921, upon the decision of the court rendered after a trial at the Ulster Trial Term without a jury, and also from an order entered in said clerk's office on the 28th day of October, 1921, permitting the plaintiff to reopen the case and present further testimony.

Appeal by the plaintiff, New Paltz, Highland and Poughkeepsie Traction Company, from so much of said judgment as adjudges that the complaint be dismissed, with costs, as to the defendant, The County of Ulster.

The action is to recover on a contract. The plaintiff is a street railway company, with tracks in the highway in the town of Lloyd, Ulster county, N. Y. A county highway was being constructed over and upon this highway. The tracks of the plaintiff, at the location in question, were partly upon the southerly and partly upon the northerly side of the highway. The plans for the county highway, prepared by the State Highway Commission, provided for changing plaintiff's tracks from the southerly side to the northerly side of the highway. Plaintiff claimed to own the lands on which its tracks were and demanded of the officers of defendants respectively that all its rights and exemptions be protected. On

November 11, 1913, a certain six-party agreement was drafted, in which the town of Lloyd was the first party, the county of Ulster the second party, the county superintendent of highways for the county of Ulster the third party, the town superintendent of highways of the town of Lloyd the fourth party, the State Commissioner of Highways of the State of New York the fifth party and the plaintiff was the sixth party. The obligation in this contract was as follows: " *Now, Therefore,* this agreement witnesseth, that the parties of the first, second, third, fourth and fifth parts in order to carry out such agreement, it is hereby agreed to and with the party of the sixth part, that the party of the sixth part shall have absolute, indefeasible and perpetual right to enjoy and use the land to which its railroad tracks, ties, poles, brackets, wires and appurtenances shall have been removed as aforesaid with the same exemptions as now enjoyed by the party of the sixth part in the land now used by it in the operation of its railroad with its appurtenances." The contract was signed in the name of the town of Lloyd by Philip Schantz, its supervisor; in the name of the county of Ulster by John A. Snyder, chairman of the board of supervisors; by the superintendents of highways of the town and county and by the State Commissioner of Highways; and acknowledged by the persons whose names were signed. The plaintiff's tracks and appurtenances were changed and placed in the highway along its northerly side. James Daley owned lands contiguous to the highway on its northerly side and, claiming the railroad line as placed encroached upon his land, brought an action in August, 1916, against the plaintiff to eject it from his lands and for damages. He having died his representatives and parties interested recovered judgment in January, 1921, for $103.50 damages and $261.31 costs; and the judgment further provided that if the traction company (plaintiff herein) should pay to Daley the sum of $200 fee damages, the sum of $103.50 damages recovered and the costs $261.31, Daley or his representatives should convey to the plaintiff such of the Daley lands as were covered by its tracks. Demand was then made upon defendants for payment and satisfaction of said judgment. Thereupon the instant action was brought in February, 1921, demanding judgment, *first,* that the defendants be adjudged to save the plaintiff from the consequences of the Daley action and expenses sustained therein and to pay, satisfy and discharge the said judgment; *second,* in the event of the payment and discharge of said judgment by the plaintiff (traction company) that this plaintiff recover of defendants the amount of said judgment so paid, with interest, and its expenses, with interest. The complaint was dismissed against the county; judgment was awarded against the town for $935.36, damages and costs.

*Brinnier, Canfield & Brinnier* [*William D. Brinnier* and *Palmer Canfield* of counsel], for the plaintiff.

*Andrew Wright Lent,* for the defendant Town of Lloyd.

*John W. Eckert,* for the respondent, County of Ulster.

VAN KIRK, J.:

The construction, maintenance and control of highways is a governmental function. For convenience of administration, counties and towns were organized and to them were delegated certain powers and duties well defined and limited by statute, among which are some duties in the construction, maintenance and control of highways, in discharging which they are performing a governmental duty and their officers acting therein are the agents of the public or the State. The towns and counties are as exempt from liability for the unauthorized or wrongful acts or contracts of their officers in this respect as is the State. The towns and counties and their respective officers can raise and expend public moneys for such purposes and in such manner only, and can obligate the town and county on such contracts only, as the statute specifically authorizes. They have no general powers to make contracts. If a contract is not within the power granted by statute to the town or county to make, the action of the town board or the board of supervisors authorizing, or assenting to, it does not render it a binding obligation on the town or the county. (*Acme Road Machinery Co.* v. *Town of Bridgewater,* 185 N. Y. 1, revg. 104 App. Div. 597; *County of Albany* v. *Hooker,* 204 N. Y. 1; *Wells* v. *Town of Salina,* 119 id. 280; *People ex rel. Everett* v. *Board of Supervisors,* 93 id. 397; *People ex rel. Van Keuren* v. *Town Auditors,* 74 id. 310.)

Article 8, section 10, of the State Constitution contains the following: " No county, city, town or village shall hereafter give any money or property, or loan its money or credit to or in aid of any individual, association or corporation * * * nor shall any such county, city, town or village be allowed to incur any indebtedness except for county, city, town or village purposes."

The superintendent of highways of a town or of a county, or a supervisor of a town, has no authority to subject the town or county to a contract liability unless so specifically authorized by statute. (It may be noted that the town board of the town of Lloyd did not authorize the town superintendent of highways or the supervisor to execute this contract, nor has it in any form assented to the contract.)

The contract for the construction of this county highway was made by the State Commission, which retained full control of the contract and the work thereunder. The contractor performed solely under the direction of the Commission. The court has found

that the plans as prepared show that the plaintiff's track was to be relocated on the northerly side of the highway within the limits of the highway; that it was in fact relocated outside the bounds of the highway and in part on lands of Daley. Section 148 of the Highway Law then provided that, if a county highway proposed to be constructed or improved shall deviate from the line of a highway already existing, the board of supervisors of the county where such highway is located shall acquire land for the requisite right of way prior to the actual commencement of the work of construction. Subsequent to the construction of the present highway but prior to the judgment in the Daley action said section 148 was amended so as to require the right of way prior to the advertisement for proposals. (See Laws of 1917, chap. 261; Laws of 1918, chap. 326.) This statute was not complied with. The Daley lands were not acquired by the board of supervisors of Ulster county. The contractor, therefore, when he placed the railroad line in part upon the Daley lands was a trespasser, but for his trespass neither the State, county nor town is liable. (See *Konner* v. *State of New York*, 227 N. Y. 478.)

The contract on which this action is based purports to assure to the plaintiff that it shall have absolute, indefeasible and perpetual right to enjoy and use the lands to which the railroad tracks shall be removed, with the same exemptions as now enjoyed by it in the land now used by it. There is no statutory authority for making such a contract given to either the county or the town. Section 148 of the Highway Law above mentioned simply requires the board of supervisors to acquire any added land necessary for the proposed highway; and it was held in *People* v. *Town of Frankfort* (182 App. Div. 431) that, where this duty had not been performed, the sole remedy of the State to recover moneys for such added lands taken is through the board of town auditors and that a complaint in an action against the town directly should be dismissed. This section evidently gives no aid to the appellant's contention. Section 138-a of the Highway Law (as added by Laws of 1911, chap. 375) provides: " Whenever the Commission shall have determined upon the construction or improvement of a State highway or section thereof, or shall have approved a resolution adopted by the board of supervisors in any county requesting the construction or improvement of a county highway, or section thereof, and shall have had prepared the preliminary maps, plans and specifications, the Commission shall cause notice thereof and of the proposed width and kind of construction of such road to be given the town board of every town into or through which any such highway passes. If it is desired to construct or improve a portion of a State or county highway within

any such town at a greater width or in a manner involving greater cost, or both, than that provided in the plans and specifications therefor, the town board may petition the Commission for an estimate of the additional cost of constructing or improving the same to a width or in a manner, or both, specified in such petition. The Commission shall as soon as practicable make an estimate of such additional cost and send the same to the town board. The town board may thereupon determine, by a resolution duly adopted by a vote of a majority of all the members of such board, that such portion of highway shall be constructed or improved to the additional width or in the manner, or both, specified in its petition, at the expense of the town. * * *." Intermediate the making of the contract of November 11, 1913, and the completion of the construction of the improvement, the phraseology of said section 138-a of the Highway Law, so far as here material, was amended by chapter 461 of the Laws of 1916, to read as follows: " Whenever the Commission shall have determined upon the construction or improvement of a State or county highway or section thereof and it is desired by any town in which such proposed highway is situated to construct or improve the same at a greater width or in a manner involving greater cost, or both, than that provided in the plans and specifications as prepared by the Commission, the town board may petition the Commission for an estimate of the additional cost of constructing or improving the same to a width or in a manner, or both, as desired by such board. The Commission shall as soon as practicable make an estimate of such additional cost and transmit the same to the town board, and the town board may thereupon by resolution petition the Commission to provide the width and type of construction desired. The additional expense caused by the increased width or different type of construction, or both, shall be borne wholly by the town. * * *." This section merely authorizes a town to bear the expense of procuring an increased width in a proposed highway, or a more costly construction. The proceedings provided for in this section have not been followed and, except the statute be followed, no liability can rest upon the town thereunder. The fact that under the statute towns and counties are to bear certain expenses in acquiring lands for a highway does not put upon towns or counties an implied liability for contracts made without authority of the statute. Our attention is not called to any statute, nor have we after careful search found any, under which a liability may rest against either the town of Lloyd or the county of Ulster under the contract sued upon; under it there exists no obligation to discharge which the funds of the county or of the town can be lawfully used.

The judgment dismissing the complaint against the county of

Ulster should, therefore, be affirmed, with costs against the plaintiff. The judgment against the town of Lloyd should be reversed and the complaint dismissed, with costs against the plaintiff.

All concur.

Judgment dismissing complaint against the county of Ulster is affirmed, with costs against the plaintiff, and judgment against the town of Lloyd is reversed and complaint dismissed, with costs against the plaintiff.